# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**FILED**

December 7, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**VEDCO HOLDINGS, INC.,**
**Employer Below, Petitioner**

**vs.)   No. 17-0018**  (BOR Appeal No. 2051372)
                        (Claim No. 2014000618)

**JEFFREY W. HUNDLEY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Vedco Holdings, Inc., by T. Jonathan Cook its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. [1]

This issue presented in the instant appeal is Mr. Hundley's claim for workers' compensation benefits in conjunction with a diagnosis of occupational pneumoconiosis. The claims administrator denied Mr. Hundley's claim got occupational pneumoconiosis on a non-medical basis on August 19, 2013. The Office of Judges affirmed the claims administrator's decision on May 31, 2016. This appeal arises from the Board of Review's Final Order dated December 8, 2016, in which the Board reversed the Order of the Office of Judges and held the claim compensable for occupational pneumoconiosis on a non-medical basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hundley alleges that he was exposed to the hazards of occupational pneumoconiosis in the course of and resulting from his employment as a drill operator with Vedco Holdings, Inc. Chest x-rays were performed on March 28, 2013, and Mr. Hundley was diagnosed with simple

---

[1] Mr. Hundley appears pro-se. He did not file a response to the appeal.

pneumoconiosis and chronic obstructive pulmonary disease. On July 24, 2013, Mr. Hundley filed a report of occupational pneumoconiosis in which he indicated that he was exposed to respirable dust hazards during the course of his employment with Vedco Holdings, Inc., from 2008 through February 27, 2013. The claims administrator rejected his claim for workers' compensation benefits on August 19, 2013.

On November 12, 2013, Mr. Hundley was deposed. He testified that he has a twenty-seven year history of exposure to coal dust and rock dust, during which he was exposed to respirable dust hazards during the majority of every work day. Additionally, Mr. Hundley testified that he has a thirty-one year history of cigarette smoking. Regarding his work environment, he testified that the dashboard of the enclosed cab of the drill he operates is constantly covered with visible dust. Mr. Hundley further stated that he does not wear a respirator.

On March 18, 2016, Anthony Kidd, Vedco Holdings' safety director, was deposed. Mr. Kidd testified that although he is not a certified industrial hygienist, he is certified by MSHA to perform dust sampling. He further testified that he tracks the results of dust sampling very closely, with a majority of the samples being taken by him personally. Mr. Kidd then testified that Vedco Holdings has always been in compliance with all MSHA regulations concerning permissible respirable dust limits. Finally, he stated that Vedco Holdings employs a very stringent dust policy, and utilizes drills which are equipped with cabs specifically designed to protect the drill operator from respirable dust hazards.

In its Order affirming the August 19, 2013, claims administrator's decision, the Office of Judges held that Mr. Hundley has failed to establish that he incurred exposure to the hazards of occupational pneumoconiosis during the course of his employment with Vedco Holdings, Inc. However, the Board of Review reversed the Office of Judges' Order and held the claim compensable for occupational pneumoconiosis on a non-medical basis. On appeal, Vedco Holdings, Inc., asserts that the evidence of record fails to establish that Mr. Hundley was exposed to the hazards of occupational pneumoconiosis during the course of and resulting from his employment.

The Office of Judges looked to West Virginia Code of State Rules § 85-20-52.2 (2006), which provides:

> If the employer submits credible evidence demonstrating that it has been in compliance with OSHA and/or MSHA permissible exposure levels, as determined by sampling and testing performed in compliance with OSHA and/or MSHA regulations for the dust alleged by the injured worker, then the Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, may consider that the dust exposure alleged by the injured worker does not suffice to satisfy the exposure requirements of W. Va. Code §§23-4-1(b) and 23-4-15(b) only for the period(s) covered by the sampling or testing. In order for the

evidence to be deemed credible, it must be based upon regularly scheduled exposure samples from each work area where harmful exposure has been alleged, which samples will be obtained by certified industrial hygienists as defined by OSHA and/or MSHA regulations or government agencies, and the samplings must be obtained during the period for which the employer is seeking to avoid chargeability.

The Office of Judges then determined that Mr. Kidd's testimony that Vedco Holdings, Inc., has consistently been in compliance with MSHA's respirable dust regulations establishes that the claims administrator properly rejected the claim on a non-medical basis.

However, the Board of Review found that Mr. Hundley's testimony establishes that he was exposed to the hazards of occupational pneumoconiosis during the course of and resulting from his employment with Vedco Holdings, Inc. Further, the Board of Review determined that the dust sampling records submitted by Vedco Holdings, Inc., contain only three samples over the course of three years from Mr. Hundley's specific work environment and, therefore, the dust samples of record are inadequate to satisfy the requirement of regularly scheduled dust sampling contained within West Virginia Code of State Rules § 85-20-52.2. After reviewing the evidentiary record, we agree with the reasoning and conclusions of the Board of Review that the claim is compensable on a non-medical basis.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed. The claims administrator shall refer Mr. Hundley for an evaluation of permanent impairment.

Affirmed.

**ISSUED: December 7, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3